UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

05 11107 GAO

| | |
|---|---|
| JEFFERSON PILOT FINANCIAL INSURANCE COMPANY,<br>Plaintiff<br><br>v.<br><br>RAYMOND MOORE, JOANNE MOORE and DAMIAN BRADY,<br>Defendants | )<br>)<br>)<br>)<br>) MAGISTRATE JUDGE _____<br>)<br>) CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>)<br>) |

MAGISTRATE JUDGE _____

RECEIPT # 64564
AMOUNT $250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE 5/27/05

## COMPLAINT FOR INTERPLEADER

Pursuant to the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132, and Rule 22 of the Federal Rules of Civil Procedure, plaintiff Jefferson Pilot Financial Insurance Company seeks to have the defendants, Raymond Moore, Joanne Moore, and Damian Brady, interplead their claims to the death benefits due under a certain group life insurance policy which insured the life of the late Arlene Moore, and in further support thereof, plaintiff respectfully alleges as follows:

### THE PARTIES

1. Plaintiff Jefferson Pilot Financial Insurance Company ("Jefferson Pilot" or "Plaintiff") is duly organized and existing under the laws of the state of Nebraska and is licensed to do business in the Commonwealth of Massachusetts. Jefferson Pilot purchased the U.S. block of group insurance business of The Canada Life Assurance Company ("Canada Life"), and is the 100% reinsurer of the group policies of insurance

issued by Canada Life, including the group policy of insurance at issue in this lawsuit. As a result of this purchase, Jefferson Pilot is responsible for processing and paying, if appropriate, all claims for benefits under the group policies issued by Canada Life.

2. Plaintiff is informed and believes, and therefore avers, that defendant Raymond Moore is a resident of East Hempstead, New Hampshire.

3. Plaintiff is informed and believes, and therefore avers, that defendant Joanne Moore is a resident of Plymouth, Massachusetts.

4. Plaintiff is informed and believes, and therefore avers, that defendant Damian Brady is a resident of Plymouth, Massachusetts.

## JURISDICTION

5. Plaintiffs are seeking relief in the form of interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as an action arising under ERISA and Plaintiff has standing to bring this action pursuant to 29 U.S.C. § 1132 (a) (3) (B). Defendants have asserted claims to certain death benefits that are now due and payable under a group life insurance policy originally issued by Canada Life to the Massachusetts Society for the Prevention of Cruelty to Animals (MSPCA), and which has now been sold and assigned to Jefferson Pilot. Claims for benefits under the MSPCA group policy are administered by Jefferson Pilot. The death benefits due under the MSPCA group policy as a result of the death of Arlene Moore on November 7, 2004 are now due and payable.

6. Because of the conflicting claims asserted to the death benefits due under the MSPCA group policy insuring the life of Arlene Moore, Plaintiff is uncertain as to the proper beneficiary of the death benefits and seeks to interplead these death benefits in

order to avoid multiple liability with respect to these benefits.

## FACTUAL ALLEGATIONS

7. On or about January 1, 1999, Canada Life issued a "Group Life Policy" to the Massachusetts Society for the Prevention of Cruelty to Animals, said policy being numbered G.38670 (the "MSPCA group policy"). Subject to its express terms and conditions, the MSPCA group policy provided life insurance coverage for the employees of the MSPCA. The amount of life insurance coverage for each employee was a multiple of the employee's annual earnings, with the multiple based upon the employee's employment class, all as set forth in the MSPCA group policy.

8. Arlene Moore was an employee of the MSPCA and a person insured under the MSPCA group policy. At the time of her death, Arlene Moore's life insurance coverage under the MSPCA group policy was in the amount of $65,000.00.

9. Arlene Moore died on November 7, 2004.

10. At the time of Arlene Moore's death, the designated co-beneficiaries of record as to the death benefits due upon her death under the MSPCA group policy were defendants Raymond Moore and Joanne Moore, who were identified in a beneficiary designation form dated August 13, 2001 as the brother and sister, respectively, of the insured.

11. Following the death of Arlene Moore, on or about January 13, 2005, defendant Damian Brady, through his attorney, submitted to Jefferson Pilot a beneficiary designation form dated December 4, 2002, which bore the apparent signature of Arlene Moore and which designated Damian Brady, identified in the form as the insured's "Significant Other," as the beneficiary of the death benefits due under the MSPCA group

policy.

12. Jefferson Pilot has received claims to the death benefits due under the MSPCA group policy from Raymond Moore and Joanne Moore, and from Damian Brady, with the Moores claiming to be the duly designated co-beneficiaries of the death benefits due upon the death of Arlene Moore, and Damian Brady claiming to be the sole beneficiary of the death benefits.

13. Because of the aforesaid conflicting claims of the defendants, Plaintiff is in great doubt as to whether the Moores or Damian Brady are entitled to receive the death benefits under the MSPCA group policy, which are now due and payable as a result of the death of Arlene Moore.

14. Based on the foregoing facts and circumstances concerning the death benefits due under the MSPCA group policy, Plaintiff is uncertain as to the proper party to whom the death benefits should be paid and is concerned that it may be exposed to multiple liability if it in good faith pays an improper party.

WHEREFORE, plaintiff Jefferson Pilot asks the Court for the following relief:

1. That the defendants be restrained and enjoined from instituting any action against Jefferson Pilot seeking to recover the death benefits under Canada Life Group Policy No. G.38670 which are now due and payable as a result of the death of Arlene Moore;

2. That the defendants be required to interplead and settle among themselves their right to recover the death benefits under Canada Life Group Policy No. G.38670 which are now due and payable as a result of the death of Arlene Moore;

3. That the Plaintiff be permitted to deposit with the Court the death benefits

under Canada Life Group Policy No. G.38670 which are now due and payable as a result of the death of Arlene Moore, and upon payment thereof, be discharged from any and all further liability with respect to said death benefits;

4. That the Plaintiff be awarded from the proceeds of the death benefits the attorneys' fees and costs that it has incurred in commencing and prosecuting this action; and

5. For such other and further relief that the Court deems fair and equitable.

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY

By its attorneys,

May 26, 2005

*S.S. Rooney Jr.* (signature)
Edward S. Rooney, Jr.
BBO No. 426840
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110
Tel.: (617) 342-6800
Fax: (617) 342-6899
E-mail: erooney@eckertseamans.com

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jefferson Pilot Financial Insurance Company

## DEFENDANTS
Raymond Moore, Joanne Moore, and Damian Brady

(b) County of Residence of First Listed Plaintiff  **Out-of-State**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Edward S. Rooney, Esquire
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: ☐ 530 General | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint for Interpleader of life insurance beinefits brought pursuant to 29 U.S.C. 1132 (ERISA) and 28 U.S.C. §1331 and Federal Rules Rule 22.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Equitable Relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): N/A

DATE 5/26/05
SIGNATURE OF ATTORNEY OF RECORD
Edward S. Rooney, Esquire

JUDGE _____   DOCKET NUMBER _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Jefferson Pilot Financial Insurance Company v. Raymond Moore, Joanne Moore, and Damian Brady

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX   II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, (791) 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___   V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? NO

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES___
   NO

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES NO  (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? Eastern

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___ OR WESTERN SECTION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Edward S. Rooney, Esquire
ADDRESS   Eckert Seamans Cherin & Mellott, LLC, One International Place, 18th Floor
          Boston, MA 02110
TELEPHONE NO.   617.342.6800

(Category.frm - 09/92)