UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| JEFFERSON PILOT FINANCIAL )<br>INSURANCE COMPANY )<br>    Plaintiff, )<br>vs. )<br>)<br>RAYMOND MOORE, JOANNE MOORE )<br>AND DAMIAN BRADY, )<br>)<br>    Defendants | CIVIL ACTION<br>FILE NO. 05-11107 GAO |

### ANSWER OF DEFENDANTS IN CROSS-CLAIM RAYMOND MOORE AND JOANNE MOORE TO CROSS CLAIM OF DAMIAN BRADY FOR DECLARATORY JUDGMENT

The Defendants in cross-claim Raymond Moore and Joanne Moore, (hereinafter the Moores unless greater specificity is required), hereby respond to the Cross-claim of Damian Brady (Brady) for Declaratory Judgment as follows:

### FIRST DEFENSE

The Moores respond to the numbered paragraphs of Brady's Cross-claim as follows:

1. Upon information and belief, admitted.

2. Admitted.

3. Admitted.

4. The Moores are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 4 of the Cross-claim.

5. Denied. And further responding, the Moores state that as the named beneficiaries of the group life insurance coverage for Arlene Moore on the records of the plaintiff insurance

company on the date of their sister Arlene's death, they, not Brady, are the rightful beneficiaries of the death benefits under the Canada Group Life Insurance Policy.

6. Although the Moores contend that they, not Brady, are the rightful beneficiaries of the Canada Life group life insurance coverage on their sister Arlene, the Moores admit that the parties dispute and controvert who is the rightful beneficiary.

WHEREFORE the defendants in interpleader/defendants in cross-claim Raymond and Joanne Moore, pray that this Honorable Court grant the following relief:

a. Enter Judgment declaring that the defendants in interpleader/defendants in cross-claim Raymond Moore and Joanne Moore are the rightful co-beneficiaries (50% each) of their sister Arlene's group life insurance coverage under the group policy issued by Canada Life to the Massachusetts Society for the Prevention of Cruelty to Animals;

b. Order the payment of said death benefits, plus accrued interest to the Moores (50% each);

c. Such other relief that the Court deems fair and equitable.

RAYMOND MOORE
and JOANNE MOORE
By their attorney,

_____
Joseph H. Skerry, III
BBO#544124
237 Lexington Street
Woburn, MA 01801
Tele 781-938-1301
Fax 781-928-1344
jayskerry@aicn.com

CERTIFICATE OF SERVICE

I Joseph H. Skerry, III, hereby certify that this day I caused a copy of the foregoing document to be served on counsel of record by mail.

6-29-05
Date

_____
Joseph H. Skerry, III

2

PRV_Answer to Crossclaim.DOC/GKOSTAKOS

08/06/00  10:55 FAX                                                              ☒007

AUG-15-01 WED 10:48    M.                    FAX NO. 61  24885         P. 02

**MSPCA**
**AHES**

38671

## Basic Life & AD&D Insurance

**EMPLOYEE INFORMATION**

Please Print Clearly

__Moore_____ __Arlene_____ _____
Last Name                  First Name                 Middle

__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__  __5-20-64__  _____
Social Security #   DOB         Employee ID =

__14 PRESIDENTS LANE, Unit 5_____
Street Address                                     P.O. Box / Apt #

__Quincy__  __MA__  __02169__      __(617) 773-2518__
City        State  Zip Code       Home Telephone

(Check appropriate category)

**Gender**           **Marital Status**       Date of Full Time Employment: __August 7, 2000__
☐ Male              ☑ Single                 Job Title: __ADMIN ASST__  Department: __Law Enforcement__
☑ Female            ☐ Single Parent          Hrs/Week: __37.5__  Salary $__32,000__  per _____
                    ☐ Married
                    ☐ Widowed                Pay Frequency:  ☑ Weekly   ☐ Monthly
                    ☐ Divorced

Beneficiary: I appoint as revocable beneficiary of the insurance payable in the event of my death

Primary __Marqus_____ __Allen_____ __E.__ __friend__
         Last Name          First Name        Middle  Relationship

Contingent __Moore_____ __Susan_____ _____ __sister__
           Last Name          First Name        Middle  Relationship

_Arlene Moore_                              __MA__
Employee Signature                          Residence

__8/7/00__
Date Signed

Canada Life Insurance Group Number: 38670  Division: 0

Coverage is effective after 60 days of employment (Interns & Residents at date of hire)

Coverage: Bargaining Unit Employees (union) 1x annual base salary
          Non Bargaining Unit Employees (nonunion) 2x annual base salary

## CANADA LIFE

**BENEFICIARY DESIGNATION FOR C.L.A. PLANS (GROUP ONLY)**

Original to be returned to Canada Life
To be used in Canada (Except Quebec) and U.S.

| GROUP NO.(S) | DIVISION NO.(S) | CERTIFICATE NO.(S) | NAME OF INSURED (Please print) |
|---|---|---|---|
| 86365 | 999 | 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 | Arlene Moore |

The undersigned life insured, revokes any beneficiary designations and requests respecting payment of the proceeds payable on the death of the life insured and directs that such proceeds be paid to:

**PRIMARY BENEFICIARY (IES)** - in equal shares unless otherwise provided below:

| Full Name | Relationship to Life Insured | Birth date (if under 21) |
|---|---|---|
| JoAnne Moore 50% | sister | |
| Raymond Moore 50% | brother | |

who may survive the life insured.

**CONTINGENT BENEFICIARY (IES)** - In equal shares unless otherwise provided below:

| Full Name | Relationship to Life Insured | Birth date |
|---|---|---|
| Susan Moore | Sister | |

who may survive the life insured.

**MINOR CLAUSE** - check (X) if necessary

☐ **TRUSTEE FOR CHILDREN**
Full Name (please print)                                    Relationship to Life Insured

is hereby appointed Trustee to receive any payment due on or after the life insured's death to any BENEFICIARY DESIGNATED in this form who is a minor on the date such payment falls due.

I reserve the right to change this designation of beneficiary.
The company assumes no responsibility for the validity or effect of this designation.

Signed at _Arlene Moore_ this _13_ day of _August, 2001_ 20 01

WITNESS OTHER THAN BENEFICIARY                SIGNATURE OF LIFE INSURED

---

**THIS PORTION FOR CANADA LIFE USE ONLY**

GROUP NUMBER   DIVISION NUMBER   CERTIFICATE NUMBER        SURNAME IDENT.

NAME AND RELATIONSHIP

RECEIVED
AUG 30 2001
BY:

DATE RECORDED        ROUTING

EMPLOYER                                            BRANCH

1536 REV. 3/91

AUG-15-01 WED 10:48    M A                        FAX NO. 61  24885              P.01



**MSPCA**
**AHES**
MASSACHUSETTS SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS
AMERICAN HUMANE EDUCATION SOCIETY

## FAX TRANSMITTAL SHEET

TO: Karen Ledford

COMPANY: Canada Life

FAX #: _____    # PAGES (INCLUDING COVER): 2

FROM: IVON PEREZ-THORNTON    DATE: 8/15/01
BENEFITS ADMINISTRATOR

MESSAGE:

Here is a copy of the life Insurance Form for Arlene Moore. Lested IS her Beneficiary.

### CONFIDENTIALITY NOTE

The documents accompanying this facsimile transmission contain information which is confidential or privileged. This information is intended to be for the use of the individual or entity named on this cover sheet. If you are not the intended recipient, please be aware that any disclosure, copying, distribution, or use of the contents of this faxed information is prohibited. If you have received this fax in error, please notify us immediately at the phone number listed below. Thank you.

Human Resources Benefits Department  Phone: (617) 541-5080  Fax: (617) 989-1623

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS

Probate and Family Court Dept.
Docket # 04P1621-GC1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Guardianship
of Arlene Moore,

Susan Moore,
Petitioner and

Raymond Moore,
Petitioner
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## EMERGENCY MOTION
### for Temporary Guardianship

NOW COMES the Petitioners, Susan Moore and Raymond Moore, and move this Honorable Court to appoint them as temporary Guardians of their sister, Arlene Moore.

As grounds therefore, time is of immediate essence as Arlene Moore has been diagnosed with terminal cancer and according to her medical reports and doctor's diagnosis, has less than two weeks to live.

The Petitioners want to protect their sister, Arlene Moore from harm and to protect her home from her ex-boyfriend who is presently living in her home and refuses to leave. Arlene Moore is presently living with and being cared for by her sister, Susan Moore (petitioner). If the Petitioners are appointed as temporary guardians for their sister, the Petitioners will have the ability to remove the ex-boyfriend from her home so that the their sister, Arlene Moore, can move back into her home so she to be die peacefully in the comfort of her home.

FILED
SEP 17 2004
PROBATE & FAMILY COURT
PLYMOUTH DIVISION

9/16/04
Dated

Plymouth, ss     Probate Court
Sept 17 2004
The within motion is hereby allowed for ninety days
Judge of Probate Court

Respectfully Submitted Petitioners,
Susan Moore and Raymond Moore,
By his attorney,

Laurie Grant, Esquire
P.O. Box 231, 459 Washington St.
Duxbury, MA 02331
(781) 934-9444  BBO# 640030  TRUE COPY, ATTEST
ROBERT E. McCARTHY

Register

**Commonwealth of Massachusetts**
**The Trial Court**
Probate and Family Court Department

__Plymouth__ Division

Docket No. __04P1621-GC1__

## TEMPORARY DECREE OF GUARDIANSHIP
### GUARDIAN OF PERSON — AND ESTATE

Name of ward __Arlene Moore__

At a Probate and Family Court held at __Plymouth__, on __September 17, 2004__ (date) __Honorable Catherine P. Sabaitis__ (name of justice) presided.

~~All persons interested having been notified in accordance with the law~~ — Upon an ex-parte motion — ~~and no objections being made at the hearing~~ — upon representations of counsel, the ward — not — being present:

The Court finds that the situation of the ward which requires emergency attention is _consents to medical treatment for ward; protection of the ward and her estate from abuse and exploitation by former boyfriend,_ and that the petitioners are seeking to avoid the harm of _any further deterioration in the condition of the ward._

The Court further finds that the ward:

- ☐ is incapable of taking care of himself/herself by reason of mental illness.

- ☐ is mentally retarded to the degree that he/she is incapable of making informed decisions with respect to the conduct of his/her — personal — financial affairs and that failure to appoint a guardian would create an unreasonable risk to the ward's health, welfare and property, and that the appointment of a conservator pursuant to G.L.M. c. 201, § 16 would not eliminate the risk.

- ☒ is unable to make or communicate informed decisions due to physical incapacity or illness.

This temporary guardianship includes:

- ☐ authorization to admit or commit the ward to a mental health or mental retardation facility, the action being in the best interest of the ward.

- ☐ the authority to consent to the following extraordinary medical procedure

_____

_____

_____

CJ-P 114 (10/83)

**(BACK OF TEMPORARY GUARDIANSHIP DECREE)**

Thus, the Court determines that the welfare of the ward requires the immediate appointment of a temporary guardian and IT IS DECREED that:

| | Susan Moore | | |
|---|---|---|---|
| | (name of guardian(1)) | | |
| 3 Marsh Road | Kingston | MA | 02364 |
| (street address) | (city or town) | (state) | (zip code) |

— and —

| | Ramond Moore | | |
|---|---|---|---|
| | (name of guardian(2)) | | |
| 4 Hampstead Road, P.O. Box 251 | East Hampstead | N.H. | 03826 |
| (street address) | (city or town) | (state) | (zip code) |

be appointed the temporary guardian(s) — of the person — and — the estate — of the ward pursuant to G.L.M. c. 201, § 14. The temporary guardian(s) first giving bond — with — ~~without~~ — sureties for the due performance of said trust.

**THE APPOINTMENT OF THIS TEMPORARY GUARDIAN IS LIMITED TO A PERIOD OF NINETY DAYS WHICH EXPIRES ON** December 16, 2004.

Date September 17, 2004          _[signature]_
                                  Justice of Probate and Family Court Department

**THE APPOINTMENT OF THIS TEMPORARY GUARDIAN IS EXTENDED FOR AN ADDITIONAL NINETY DAY PERIOD AND SHALL EXPIRE ON** _____.

Date _____          _____
                         Justice of Probate and Family Court Department

(The Court may extend for additional ninety (90) day periods the appointment, provided that the affidavit of notice is properly made and an inventory and bond of the temporary fiduciary has been filed in accordance with Probate Court Rule 29B.)

A TRUE COPY ATTEST
ROBERT E. McCARTHY
_[signature]_
Register