UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| JEFFERSON PILOT FINANCIAL )<br>INSURANCE COMPANY )<br>    Plaintiff, )<br>vs. )<br> )<br>RAYMOND MOORE, JOANNE MOORE )<br>AND DAMIAN BRADY, )<br> )<br>    Defendants | CIVIL ACTION<br>FILE NO. 05-11107 GAO |

**ANSWER OF DEFENDANTS RAYMOND MOORE AND JOANNE MOORE TO COMPLAINT FOR INTERPELADER**
**AND**
**CROSS-CLAIM AGAINST CO-DEFENDANT DAMIAN BRADY**

The Defendants in interpleader Raymond Moore and Joanne Moore, (hereinafter the Moores unless greater specificity is required), hereby respond to the Complaint for Interpleader by the plaintiff Jefferson Pilot Financial Insurance Company (Jefferson) as follows:

FIRST DEFENSE

The introductory paragraph merely describes the Complaint and therefore no response is required. To the extent that a response is required, the Moores are without knowledge or information sufficient to either admit or deny the allegations contained in introductory paragraph of the Complaint.

The Moores respond to the numbered paragraphs of Jefferson's Complaint as follows:

**THE PARTIES**

1. The Moores are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 1 of the Complaint.

2. Admitted.

3. Admitted

4. The Moores are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 4 of the Complaint.

## JURSIDICTION

5. The Moores admit that as the result of the death of their sister (Arlene Moore) on November 7, 2004, the death benefits under a group life insurance policy issued by Canada Life to Arlene's former employer (the Massachusetts Society for the Prevention of Cruelty to Animals) are now due and payable, and that they made claim for such benefits. The Moores are without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 5 of the Complaint. And further responding, the Moores state that as the named beneficiaries of Arlene's group life insurance coverage on the records of the plaintiff insurance company on the date of their sister Arlene's death, they, not the co-defendant Brady, are entitled to the benefits.

6. The Moores are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 6 of the Complaint. And further responding, the Moores state that as the named beneficiaries of Arlene's group life insurance coverage on the records of the plaintiff insurance company on the date of their sister Arlene's death, they, not the co-defendant Brady, are entitled to the benefits.

## FACTUAL ALLEGATIONS

7. Upon information and belief, admitted.

8. Upon information and belief, admitted.

9. Admitted.

10. Admitted.

11. The Moores are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 11 of the Complaint.

12. The Moores admit that they submitted a claim for the life insurance benefits. The Moores are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 12 of the Complaint. And further responding, the Moores state that as the named beneficiaries of Arlene's group life insurance coverage on the records of the plaintiff insurance company on the date of their sister Arlene's death, they, not the co-defendant Brady, are entitled to the benefits.

13. The Moores admit that they submitted a claim for the death benefits that are now due and payable under the group policy upon the November 7, 2004 death of their sister Arlene. The Moores admit that they have been informed by the plaintiff that there are conflicting claims to the life insurance proceeds. The Moores are without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 13 of the Complaint. And further responding, the Moores state that as the named beneficiaries of Arlene's group life insurance coverage on the records of the plaintiff insurance company on the date of their sister Arlene's death, they, not the co-defendant Brady, are entitled to the benefits.

14. The Moores are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 14 of the Complaint. And further responding, the Moores state that as the named beneficiaries of Arlene's group life insurance coverage on the records of the plaintiff insurance company on the date of their sister Arlene's death, they, not the co-defendant Brady, are entitled to the benefits.

## MOORES' CROSS-CLAIM VS DAMIAN BRADY

1. The Defendant in interpleader, and plaintiff in cross-claim Raymond Moore, is an individual residing in East Hampstead, New Hampshire. Raymond Moore is the brother of the late Arlene Moore.

2. The Defendant in interpleader, and plaintiff in cross-claim Joanne Moore is an individual residing in Plymouth, Massachusetts. Joanne Moore is the sister of the late Arlene Moore.

3. The defendant in interpleader and defendant in cross-claim, Damian Brady is an individual who, upon information and belief, resides in Carver, Massachusetts.

4. On or about August 7, 2000 Arlene Moore commenced employment with the Massachusetts Society for the Prevention of Cruelty to Animals (MSPCA).

5. Among the benefits available to Arlene as an employee of the MSPCA, was group life insurance coverage under a group policy issued to the MSPCA by Canada Life (hereinafter her group life insurance coverage).

6. On or about August 7, 2000 Arlene Moore completed a MSPCA Basic Life and AD&D Insurance form naming Allen Marquis, (a friend), as the beneficiary of her group life insurance coverage. A copy of the MSPCA Basic Life and AD&D Insurance form naming Allen Marquis as beneficiary is attached hereto as Ex. 1.

7. On or about August 13, 2001 Arlene Moore decided to change the beneficiary of her group life insurance coverage.

8. On or about August 13, 2001 Arlene Moore executed a Canada Life Beneficiary Designation Form naming her brother Raymond Moore and her sister Joanne Moore as co-beneficiaries (50% each) of her group life insurance coverage. A copy of the August 13, 2001 Canada Life Beneficiary Designation form is attached hereto as Ex. 2.

9. On or about August 13, 2001 Arlene Moore submitted the Canada Life Beneficiary Designation form naming Raymond and Joanne Moore co-beneficiaries of her group life insurance coverage to the MSPCA.

10. On or about August 15, 2001 the MSPCA forwarded the Canada Life Beneficiary Designation form naming Raymond and Joanne Moore co-beneficiaries of Arlene's group life insurance coverage to Canada Life. A copy of the MSPCA fax cover sheet is attached hereto as Ex. 3.

11. On or about August 15, 2001 Canada Life received the Canada Life Beneficiary Designation form naming Raymond and Joanne Moore co-beneficiaries of Arlene's group life insurance coverage.

12. Sometime shortly after receiving the August 15, 2001 fax from MSPCA enclosing Arlene's change of beneficiary form, Canada Life recorded Raymond Moore and Joanne Moore on its books and records as the (50% each) co-beneficiaries of Arlene Moore's group life insurance coverage.

13. In or around early September 2004 the Plymouth Police were called to Arlene's home in Plymouth to investigate a report of missing pain medication made by the home health care agency providing care to Arlene.

14. In or around September 2004, the defendant in cross claim Brady refused Arlene's request that he leave her Plymouth home.

15. In or around September 2004 Arlene left her home and moved in with her sister Susan Moore.

16. On or about September 17, 2004 the Plymouth County Probate and Family Court allowed the Motion of Raymond Moore and Susan Moore to be appointed Temporary Guardians of

5

their sister Arlene Moore. A copy of the Motion and the Court's Order of appointment expiring on December 16, 2004 is attached hereto as Ex. 4.

17. Sometime after their appointment on September 17, 2004, Raymond Moore and Susan Moore, in their capacity as Temporary Guardians of Arlene Moore, evicted Brady from Arlene's Plymouth home.

18. Arlene Moore died on November 7, 2004.

19. At no time after the submission of Ex. 2 hereto in August of 2001 and her November 7, 2004 death, did Arlene contact the MSPCA seeking to change the beneficiary of her group life insurance coverage from Raymond Moore and Joanne Moore as co-beneficiaries, to anyone else.

20. At no time after the submission of Ex. 2 hereto in August of 2001 and her November 7, 2004 death, did Arlene submit any written form to the MSPCA seeking to change the beneficiary of her group life insurance coverage from Raymond Moore and Joanne Moore as co-beneficiaries, to anyone else.

21. At no time prior to her November 7, 2004 death did Arlene submit any written form to the MSPCA naming the co-defendant Brady as the beneficiary of her group life insurance coverage.

22. At no time after the submission of Ex. 2 hereto in August of 2001 and her November 7, 2004 death, did Arlene contact Canada Life seeking to change the beneficiary of her group life insurance coverage from Raymond Moore and Joanne Moore, as co-beneficiaries, to anyone else.

23. At no time after the submission of Ex. 2 hereto in August of 2001 and her November 7, 2004 death, did Arlene submit any written form to Canada Life seeking to change the

beneficiary of her group life insurance coverage from Raymond Moore and Joanne Moore, as co-beneficiaries, to anyone else.

24. At no time prior to her November 7, 2004 death did Arlene submit any written form to Canada Life naming the co-defendant Brady as the beneficiary of her group life insurance coverage.

25. At no time after the submission of Ex. 2 hereto in August of 2001 and her November 7, 2004 death did Arlene contact Jefferson Pilot seeking to change the beneficiary on her group life insurance coverage from Raymond Moore and Joanne Moore, as co-beneficiaries, to anyone else.

26. At no time after the submission of Ex. 2 hereto in August of 2001 and her November 7, 2004 death did Arlene submit any written form to Jefferson Pilot seeking to change the beneficiary on her group life insurance coverage from Raymond Moore and Joanne Moore, as co-beneficiaries, to anyone else.

27. At no time prior to her November 7, 2004 death did Arlene submit any written form to Jefferson Pilot naming co-defendant Brady as beneficiary of her group life insurance coverage.

28. At the time of Arlene's November 7, 2004 death, Raymond Moore and Joanne Moore were the named co-beneficiaries of Arlene's group life insurance coverage on the records of Canada Life/Jefferson Pilot.

29. Sometime after November 7, 2004 Raymond and Joanne Moore submitted a claim to Jefferson Pilot seeking the life insurance benefits due upon the death of their sister Arlene Moore.

30. As the named co-beneficiaries of Arlene's group life insurance coverage, Raymond Moore and Joanne Moore are entitled to the life insurance proceeds under the group policy issued by Canada Life to the MSPCA.

WHEREFORE the defendants in interpleader/defendants in cross-claim Raymond and Joanne Moore, pray that this Honorable Court grant the following relief:

a. Enter Judgment declaring that the defendants in interpleader/defendants in cross-claim Raymond Moore and Joanne Moore are the rightful co-beneficiaries (50% each) of their sister Arlene's group life insurance coverage under the group policy issued by Canada Life to the Massachusetts Society for the Prevention of Cruelty to Animals;

b. Order the payment of said death benefits, plus accrued interest to the Moores (50% each);

c. Such other relief that the Court deems fair and equitable.

RAYMOND MOORE
and JOANNE MOORE
By their attorney,

Joseph H. Skerry, III
BBO#544124
237 Lexington Street
Woburn, MA 01801
Tele 781-938-1301
Fax 781-928-1344
jayskerry@rcn.com

CERTIFICATE OF SERVICE

I Joseph H. Skerry, III, hereby certify that this day I caused a copy of the foregoing document to be served on counsel of record by mail.

6-29-05
Date

Joseph H. Skerry, III